<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Archbrook Laguna, LLC, | : |
| Plaintiff, | : Civil Action No. 08-1421(KSH)(MAS) |
| v. | : |
| New Age Electronics, Inc., et al, | : **OPINION** |
| Defendant. | : |

**SHIPP, United States Magistrate Judge**

## I. INTRODUCTION

This matter has come before the Court pursuant to Non-Party Hewlett-Packard Company's ("HP") Motion to Intervene for the limited purpose of opposing the unsealing of the Complaint. HP asks that this Court grant HP the right to intervene in this action pursuant to FED. R. CIV. P. 24(a)(2), or alternatively, FED. R. CIV. P. 24(b).

For the reasons set forth below, the Court GRANTS Non-Party HP's Motion to Intervene for the limited purposes of opposing the unsealing of the Complaint.

## II. FACTUAL BACKGROUND

On April 21, 2008, HP filed a Motion to Intervene for the purpose of opposing the unsealing of the Complaint. (Mot. to Intervene, April 21, 2008.) HP produced documents to Archbrook Laguna, LLC ("Archbrook"), subject to a Protective Order, after being subpoenaed by Archbrook in a state court action between Archbrook and Marshall Mizell. (Movant's Br. 1, April 21, 2008.) These documents contain information regarding HP's internal Standards of Business Conduct investigation into alleged wrongdoing by current and former employees, as well as information on HP's revenues, sales, and rebates. (Movant's Letter in Supp. Pl.'s Mot. to Seal, April 21, 2008.)

Pursuant to the Protective Order, Archbrook agreed to only use information marked as "CONFIDENTIAL" in the state court action and disclose it to only those people authorized under the Protective Order. (Movant's Br. 1.)

In the current action, Archbrook sought and received HP's permission to use some of the information gained under the Protective Order in preparing the Complaint for this case on the condition that the information remain confidential and the complaint be filed under seal. (*Id.* at 1-2.) On March 18, 2008, Archbrook filed the complaint containing redacted quotations from HP's confidential documents, and an unredacted version was filed under seal. (*Id.* at 2.) That same day, Archbrook filed a Motion to Seal the complaint and accompanying documents. (*Id.*)

HP argues that it is entitled to intervene as a matter of right under FED. R. CIV. P. 24(a)(2) for the purpose of opposing the unsealing of its confidential information because it satisfies all four factors that courts consider on a motion to intervene as established by *Harris v. Reeves*, 946 F.2d 214, 219 (3d Cir. 1991). (Movant's Br. 2.) HP asserts that its motion is timely because this Court accepted briefs on Archbrook's Motion to Seal through April 21, 2008. Furthermore, there is no prejudice to either party from delay because the Court has yet to rule on Archbrook's Motion to Seal. (*Id.* at 3.) HP then argues that it has sufficient interest in the litigation because it concerns the confidentiality of its employee and business information. (*Id.*) HP also claims that its rights will be affected and impaired if the Court rules against Archbrook's Motion to Seal because its confidential information will become public. (*Id.* at 4.) Finally, HP argues that neither Archbrook nor the Defendants adequately represent the interests of HP because Archbrook has stated that it intends "to declassify the documents and later unseal the Complaint," and Defendants are contesting Archbrook's Motion to Seal the Complaint. (*Id.*)

2

Alternatively, HP argues that under Fed. R. Civ. P. 24(b), anyone is permitted to intervene when the intervener's claim or defense shares a question of fact or law with the main action and the intervention will not unduly delay or prejudice the adjudication of the rights of the parties. (*Id.* at 5.) Citing Local Civil Rule 5.3(c), HP asserts the permissible intervention extends to "'any interested person' on a motion to seal." (*Id.*)

### III. DISCUSSION

Federal Rule of Civil Procedure 24(a)(2), provides in pertinent part that anyone shall be permitted to intervene in an action "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." FED. R. CIV. P. 24(a) is to be "liberally construed in favor of intervention." *N.L.R.B. v. Frazier*, 144 F.R.D. 650, 655 (D.N.J. 1992) (*citing United States v. Oregon*, 913 F.2d 576, 587 (9th Cir. 1990), *cert. denied sub nom.*, *Makah Indian Tribe v. United States*, 501 U.S. 1250 (1991)). Leave to intervene as of right must be granted when (1) the application is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired by the disposition of the action; and (4) the interest is not adequately represented by an existing party. *Harris v. Reeves*, 946 F.2d 214, 219 (3d Cir. 1991). An applicant for intervention may discharge the burden of showing that its interests are not adequately represented by demonstrating that its interests are sufficiently different from those of an existing party such that the applicant's interests will not be given proper attention. *Hoots v. Commonwealth of Pa.*, 672 F.2d 1133, 1135 (3d Cir. 1982) (*citing National Farm Lines v. ICC*, 564 F.2d 381 (10th Cir. 1977)).

3

## IV. CONCLUSION

HP's application was timely because its Motion to Intervene was filed before the April 21, 2008 deadline and prior to a decision on Archbrook's Motion to Seal. Based on the sensitive and confidential information contained within the complaint and in the accompanying unredacted version submitted under seal, HP has a sufficient interest in maintaining the confidentiality of its employees' personal information, business practices, and investigation procedures. HP's interests will be impaired if Archbrook's Motion to Seal is denied or Archbrook later decides to declassify and unseal the documents as alleged because HP's sensitive and confidential information will be made publicly available. Finally, HP has satisfied its burden by showing that its interests are different from those of the existing parties and will not be adequately represented by either party based on Archbrook's plan to unseal and declassify the documents at a later date and Defendants opposition to Archbrook's Motion to Seal. Therefore, HP satisfies the four factors established in *Harris*.

For the reasons set forth above, the Court finds that Non-Party HP's Motion to Intervene satisfies the standards for such a motion to be successful in the Third Circuit. HP has shown that (1) the application is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired by the disposition of the action; and (4) the interest is not adequately represented by an existing party. Upon Plaintiff's satisfaction of the *Harris* factors, Plaintiff's Motion to Intervene is GRANTED pursuant to FED. R. CIV. P. 24(a)(2).

Dated: June  /7 , 2008

**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**

4