NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

2 8 2008

ARCHBROOK LAGUNA LLC,

Plaintiff,

v.

NEW AGE ELECTRONICS, INC., et al.,

Defendants.

Civil Action No. 08-1421(KSH)(MAS)

**OPINION**

**SHIPP, United States Magistrate Judge**

### I. INTRODUCTION

This matter has come before the Court pursuant to Archbrook Laguna's ("Plaintiff") Motion to Seal the Complaint. Plaintiff asks this Court to seal the complaint in order to maintain the confidentiality of Intervener Hewlett Packard's ("HP") business and employee information and investigative procedures.

For the reasons set forth below, the Court grants Plaintiff's Motion to Seal the Complaint.

### II. Factual Background

On March 18, 2008, Plaintiff filed a Motion to Seal the Complaint. (Pl.'s Mot. to Seal, Mar. 18, 2008.) HP produced documents to Plaintiff, subject to a Protective Order, after being subpoenaed by Archbrook in *BDI Laguna, Inc. v. Mizell*, New Jersey Superior Court, for the County of Bergen, Law Division. (Pl.'s Br. in Supp. of Mot. to Seal 2, Mar. 18, 2008.) These documents contain information regarding HP's internal investigation into alleged wrongdoing by current and former employees and Defendants in violation of its Standards of Business Conduct, as well as information on HP's revenues, sales, and rebates. (HP's Letter in Supp. of Pl.'s Mot. to Seal, April 21, 2008.) Pursuant to the Protective Order, Archbrook agreed to only use information marked as

"CONFIDENTIAL" in the state court action and disclose it to only those people authorized under the Protective Order. (Pl.'s Br. 2.)

In the current action, Archbrook sought and received HP's permission to use some of the information gained under the Protective Order in preparing the Complaint for this case on the condition that the information remain confidential and the Complaint be filed under seal. (*Id.* at 3.) On March 18, 2008, Archbrook filed the complaint containing redacted quotations from HP's confidential documents, and an unredacted version was filed under seal. (HP's Letter in Supp. 2.) That same day, Archbrook filed a Motion to Seal the Complaint and accompanying documents. (*Id.*)

Plaintiff argues that it has sufficiently stated (1) the nature of the materials, (2) the legitimate private interests, (3) the clearly defined and serious injury that would result from disclosure, and (4) the fact that a less restrictive alternative is not available to satisfy the requirements pursuant to L. Civ. R. 5.3(c)(2) to justify restricting the public's access to the judicial records. (Pl.'s Br. 2-4.) Plaintiff asserts that HP's information used in the Complaint was marked CONFIDENTIAL pursuant to the state court's Protective Order. (*Id.* at 2.) Pursuant to that Protective Order, Plaintiff requested HP's permission to use the confidential information in its current Complaint, which HP granted on the condition that the Complaint be filed under seal. (*Id.* at 3.) If the Complaint is not sealed, then the protective order and the consent agreement will be violated. (*Id.*) Finally, only the Complaint will be restricted from public access. (*Id.* at 4.) Such a restriction will likely be temporary since Plaintiff will seek to unseal the Complaint at a later time. (*Id.*)

HP argues that the direct quotations from its confidential documents used in Plaintiff's Complaint contain the personal information of HP employees, sensitive business information, and information regarding a highly confidential internal investigation. (HP's Letter in Supp. 5.) The public will receive minimal benefit from any of this information, while its disclosure could result

in a loss of business opportunities and injure HP's ability to compete, not to mention the implications for the individual privacy interests of HP's employees. (*Id.* at 5.)

Defendants assert that Plaintiff's argument fails to state any of the four (4) requirements of L. Civ. R. 5.3(c)(2) to justify restricting the public's access to judicial records. (Defs.' Opp'n Br. to Pl.'s Mot. to Seal 3, April 17, 2008.) Plaintiff has failed to give any description of the confidential documents or any legitimate private or public interest that justifies sealing the Complaint because HP has consented to the use of its documents to make these allegations against the Defendants. Defendant further states that no privacy interest now exists even if it once did and no injury will result if the Complaint is sealed other than a violation of a private deal between Plaintiff and HP. (*Id.* at 4-5.) Finally, Defendants assert that a less restrictive solution exists because Plaintiff can make allegations based "on information and belief," rather than relying upon HP's records. (*Id.*) Defendants argue that Plaintiff merely states that due to the protective order and HP's consent to the use of the information in this Complaint, the Complaint should be sealed. (*Id.* at 4.) Furthermore, HP's records are at the heart of the Complaint, and the entire case cannot be conducted in secrecy, especially given that there is nothing confidential about the HP records. (*Id.* at 1-2.) Moreover, HP has failed to intervene in the action and offers no support for its position that it will be harmed if the information contained within the Complaint is made public. (*Id.* at 2.) However, this Court did receive HP's Motion to Intervene on April 21, 2008 and subsequently granted the same on June 17, 2008. (*See* Docket, Doc. No. 37.)

### III. Discussion

Local Civil Rule 5.3(c)(2) states that a motion to seal must describe: "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not

granted, and (d) why a less restrictive alternative to the relief sough is not available." Furthermore, "[a]ny interested person may move to intervene pursuant to FED. R. CIV. P. 24(b) before the return date of any motion to seal . . ." L. CIV. R. 5.3(c)(4).

"[T]he right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). To justify entry of an order sealing judicial records, the party seeking the closure "bears the burden of showing that the material is the kind of information that courts will protect" and that "disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (*quoting Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1993)). Once these two elements have been established, a district court will weigh the common law presumption of access against the factors that militate against access. (*Id.*).

The Third Circuit articulated in *Glenmede Trust Co., v. Thompson*, 56 F.3d 476, 483 (3d Cir.1995) factors to be considered when determining whether good cause for a protective order exists. These factors include:

(1) whether disclosure will violate any privacy interests;

(2) whether the information is being sought for a legitimate purpose or for an improper purpose;

(3) whether disclosure of the information will cause a party embarrassment;

(4) whether confidentiality is being sought over information important to public health and safety;

(5) whether the sharing of information among litigants will promote fairness and efficiency;

(6) whether a party benefitting from the order of confidentiality is a public entity or official; and

(7) whether the case involves issues important to the public.

*Id.* The factors are neither exhaustive nor mandatory. *Id.* Indeed, "discretion should be left to the court to evaluate the competing considerations in light of the facts of individual cases." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 789 (3d Cir. 1994).

The Plaintiff has sufficiently shown the nature of the materials at issue by referring to the materials' confidential status and use of HP's sensitive business, employee, and investigative information. Plaintiff relies heavily on its private interest of not violating the Protective Order or Plaintiff and HP's consent agreement in order to satisfy the requirements of showing a legitimate private or public interest and the clearly defined and serious injury that would result if the relief sought is not granted. Under the Protective Order, Plaintiff can receive authorization to use HP's confidential information upon obtaining HP's consent in writing. (Decl. of David Axelrod in Supp. of Pl.'s Mot. to Seal, Protective Order Ex. B ¶ 2, Mar. 18, 2008.) Having done so, Plaintiff has satisfied the Protective Order requirements, and has not merely bypassed it by making a deal with HP as alleged by Defendant. Therefore, Plaintiff has a legitimate interest in not violating the Protective Order in the state court litigation. Finally, Plaintiff has shown that a less restrictive remedy is not available because much of its complaint is based on HP's confidential information, and under the terms of Plaintiff and HP's agreement, the Complaint must be sealed for the information to be used.

In considering the factors established in *Pansy* and *Glenmade*, Plaintiff has carried its burden. Plaintiff has shown its privacy interest will be violated and that the matter is not important to the public health or safety. Although fairness and efficiency weighs in favor of not sealing the complaint, Plaintiff has demonstrated that a clearly defined injury will occur if the materials are not sealed.

Although HP submitted a brief in support of Plaintiff's Motion, HP's arguments do not need to be considered in detail because Plaintiff has demonstrated sufficient cause to seal the complaint.

## IV. Conclusion

For the reasons set forth above, the Court finds that Plaintiff has sufficiently shown (1) a substantial and compelling interest in confidentiality; and (2) that divulgence would work a clearly defined and serious injury to Plaintiff. When these factors are weighed against the presumption of access, Plaintiff's interest is more significant at this time. Pursuant to L. Civ. R. 5.3, Plaintiff's Motion to Seal the Complaint is GRANTED.

Dated: July ___, 2008

_____
HONORABLE MICHAEL A. SHIPP
UNITED STATES MAGISTRATE JUDGE