IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARCHBROOK LAGUNA, LLC,<br><br>       Plaintiff,<br><br>v.<br><br>NEW AGE ELECTRONICS, INC.,<br>ROBERT BRAZIER, ADAM<br>CARROLL, STEVEN HALL,<br>CHARLES MARSH, MARSHALL<br>MIZELL, and LEE PERLMAN,<br><br>       Defendants. | Civil Action No. 08-1421 (KSH)<br><br><u>CIVIL ACTION</u> |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR
RECONSIDERATION OF THE COURT'S MAY 4, 2010, ORDER,
OR, ALTERNATIVELY, CERTIFYING THE ORDER PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 54(b)**

MCELROY, DEUTSCH, MULVANEY &
   CARPENTER, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079
Phone:  (973) 622-7711
Fax:     (973) 622-5314

AKIN, GUMP, STRAUSS, HAUER, & FELD LLP
1333 New Hampshire Ave, NW
Washington, D.C.  20036
Phone:  (202) 887-4050
Fax:     (202) 887-4288
*(admitted pro hac vice)*

Attorneys for Plaintiff, ArchBrook Laguna, LLC

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

LEGAL ARGUMENT ........................................................................................................... 2

    POINT ONE

    ARCHBROOK HAS MET THE RECONSIDERATION
    STANDARD ............................................................................................................... 2

    POINT TWO

    CERTIFICATION OF THE MAY 4, 2010, ORDER IS IN THE
    BEST INTERESTS OF THE COURT AND THE PARTIES ..................................... 6

CONCLUSION ....................................................................................................................... 7

# **TABLE OF AUTHORITIES**

**CASES**

*Alston v. Parker*,
  363 F.3d 229 (3d Cir. 2004) ................................................................................................... 2, 3

*Curtiss-Wright Corp. v. General Elec. Co.*,
  446 U.S. 1 (1980) ......................................................................................................................... 6

*Foman v. Davis*,
  371 U.S. 178 (1962) ...................................................................................................................... 2

*Pensiero, Inc. v. Lingle*,
  847 F.2d 90 (3d Cir. 1988) ........................................................................................................... 3

*Shane v. Fauver*,
  213 F.3d 113 (3d Cir. 2000)......................................................................................................... 2

**RULES**

Fed. R. Civ. P. 12(b)(6).......................................................................................................................... 4

Fed. R. Civ. P. 54(b) ................................................................................................................... 1, 6, 7

**PRELIMINARY STATEMENT**

Plaintiff ArchBrook Laguna, LLC ("ArchBrook") respectfully submits this reply memorandum of law in further support of its motion for reconsideration of the Court's May 4, 2010 Order Amending Order of April 27, 2010 ("Order"), or, in the alternative, certifying the Order as final pursuant to Federal Rule of Civil Procedure 54(b).

ArchBrook has clearly articulated the reason it seeks reconsideration. Dismissal of the claims against Hall and Brazier with prejudice, based on the Court's April 9, 2010 Opinion and reasons stated in the May 4, 2010 Order, was a "clear error of law." First, a plaintiff should not be foreclosed from pursuing its otherwise viable claims merely because the allegations against two defendants were plead upon information and belief. Second, minimal discovery from the other defendants, which ArchBrook has so far been deprived of conducting, could unearth evidence that implicates Hall and Brazier to a level sufficient to comply with the Court's April 9, 2010 Opinion. At this juncture it is simply premature to dismiss these claims with prejudice.

Alternatively, if this Court were to deny ArchBrook's motion for reconsideration, it is submitted that appellate review and resolution of the legal issues related solely to the claims against Hall and Brazier would relieve the Court, the parties, and counsel from the untenable position of having Hall and Brazier defend their alleged co-conspirator while an appeal lingers over their heads.

**LEGAL ARGUMENT**

**POINT ONE**

**ARCHBROOK HAS MET THE RECONSIDERATION STANDARD**

Despite Hall and Brazier's attempts to confuse the issue, ArchBrook is not seeking reconsideration of the merits of the Court's April 9, 2010 Opinion ("Opinion"). In this motion ArchBrook contends that there was a "clear error of law" as it relates to the Court's May 4, 2010 Order – following the entry of two prior orders and minimal submissions on the issue - that any attempt by ArchBrook to amend would be "futile, create undue delay, and prejudice other defendants." *See* Docket Entry No. 318 (May 4, 2010 Order).

The law is clear: "[d]ismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004); *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court's May 4, 2010 Order, while stating that an amendment would be "futile, create undue delay, and prejudice other defendants," fails to provide any reasoning beyond the fact that ArchBrook's claims were "made 'on information and belief' based on facts in and of themselves neutral, or information appearing in billing records, or statements made in the course of advocating for Marsh. As such, the Court finds that amendment would be futile, create undue delay, and prejudice other defendants." Docket Entry No. 318.

In objecting to the form of Order, ArchBrook does not contend, as defendants claim, that no motion to dismiss should ever be granted with prejudice. Db. at 3. Rather, in adherence with controlling law, motions to dismiss based on purported factual deficiencies should not be granted with prejudice where there is a possibility that additional facts can be developed through discovery.

2

Because a motion to dismiss based on factual grounds should not be with prejudice, defendants try to recast the Court's holding as "much broader and deeper." Db. at 6. The Court, however, did not rule that ArchBrook's claims were barred by any particular legal theory. Despite defendants' contention that the Court "pointed to the *potential* applicability" of some of their legal defenses, the Court did not adopt defendants' intracorporate conspiracy argument, defendants' "substantial" statute of limitations argument or any of their other legal theories. Db. at 6. Instead, the ruling was premised on the alleged factual insufficiency of the pleading. ArchBrook asserts that dismissing the Amended Complaint with prejudice for this reasoning is contrary to well-established law and improperly takes into consideration legal arguments, such as the litigation privilege, that were not before the trial court. *See Alston*, 363 F.3d at 235; *Pensiero, Inc. v. Lingle*, 847 F.2d 90, 100 (3d Cir. 1988) (observing that "[p]roving a conspiracy is usually difficult and often impossible without resort to discovery procedures").

Rather than address the propriety of the dismissal with prejudice, Hall and Brazier attempt to distort this motion into a wholesale motion for reconsideration challenging the merits of the Court's Opinion. Db. at 6 ("[T]he Court did not reach, or have to reach, other arguments supporting its rulings, such as Hall and Brazier's substantial statute of limitations defenses. The point is that the Court's decision most certainly was on the merits…."). ArchBrook is not seeking reconsideration of the merits of the Court's Opinion. It is seeking reconsideration of one discrete issue that was never raised or discussed until after the Court's Opinion, and only by way of piecemeal correspondence resulting in three contradictory iterations of the subject order.

Moreover, Hall and Brazier incorrectly state that "this lawsuit is but one chapter in an over four year litigation story that includes substantial discovery." Db. at 6. The Court explicitly rejected these arguments and held that the prior litigations were unrelated to this case when it

3

denied Marsh's motion to dismiss based on *res judicata*. *See* Docket Entry No. 318 ("ORDERED that Defendant Charles Marsh's Motion to Dismiss the Amended Complaint as against him pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 275) be and hereby is **DENIED**"). ArchBrook is entitled to, and has requested, substantial discovery from defendants that relates to the conspiracy to destroy ArchBrook. Indeed, Marsh, Hall and Brazier provided no meaningful discovery in this case. This discovery is separate and apart from any discovery that may have previously been produced in Georgia related to Marsh's employment contract. In particular, depositions of the co-conspirators could certainly implicate Hall and Brazier – testimony that has never been examined or taken to date in this case.

In discussing discovery, defendants also take issue with ArchBrook's settlement of this matter with SED, which resulted in SED providing electronic materials to ArchBrook. The dismissal of SED, following a settlement, was the subject of many filings with this Court. *See* Docket Entry Nos. 47, 135, 161, 166, 217. Though calling the settlement "curious," defendants did not place any such position in the record. Moreover, electronic messages produced by SED to ArchBrook were, in turn, produced to all Defendants in this matter in January 2009. In fact, despite Defendants Hall and Brazier's possession of these SED emails (as well as a forensic copy of the hard drive of the SED computer Mr. Marsh used while employed there) for well over half a year, Defendant Marsh never submitted a privilege claim for a single document until a cursory reference to privilege was made in a letter from Hall and Brazier's counsel dated July 21, 2009. In response, ArchBrook promptly requested permission to file a motion seeking a declaration that certain communications between Marsh and Hall and/or Brazier are not protected by the attorney-client privilege and/or limited work-product privilege. *See* Docket Entry No. 241.

Defendants objected to the request (Dkt. Nos. 242 and 243) and Judge Shipp ruled that

4

the issue was premature in light of the then pending motions to dismiss. Docket Entry No. 248. Despite Hall and Brazier's delay, ArchBrook and its counsel took seriously this issue, and promptly sequestered the documents and did not use them in opposition to Hall and Brazier's motion to dismiss. Having objected to resolving their belated privilege claim, it is disingenuous for these defendants to now assert that ArchBrook had access to such materials in defending against the motions and that this was "the best [ArchBrook] could do" despite the SED emails.

Dismissal of ArchBrook's claims against Hall and Brazier with prejudice is a drastic result here - where the allegations in the Amended Complaint were drafted before meaningful discovery took place. To get around this drastic result, defendants flippantly state that ArchBrook can make a motion for reconsideration any time prior to final judgment of the entire action. The fact that a motion for reconsideration *could* be filed does not override the well-settled law favoring dismissals, at the motion to dismiss stage, <u>without</u> prejudice, especially when such dismissals are based on perceived factual deficiencies. Consequently, ArchBrook respectfully requests that the Court reconsider this narrow portion of its May 4, 2010 Order and dismiss the claims against Hall and Brazier without prejudice.

## POINT TWO

### CERTIFICATION OF THE MAY 4, 2010, ORDER IS IN THE BEST INTERESTS OF THE COURT AND THE PARTIES

Alternatively, ArchBrook seeks certification of the May 4, 2010, Order pursuant to Federal Rule of Civil Procedure 54(b) because the legal issues that arise from Hall and Brazier's role in the conspiracy and as counsel to Marsh need to be resolved. There is simply "no just reason for delay" of an appeal on these legal issues. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8 (1980).

Hall and Brazier were successful on their motion to dismiss because they were lawyers; this cannot be disputed. *See* April 9, 2010 Opinion attached as Exhibit B to the Certification of Thomas P. Scrivo, Esq. ("Scrivo Cert.") at 28-29 ("I don't find that the facts pleaded are distinguishable from zealous advocacy"). But now, in opposition to ArchBrook's request to have the May 4, 2010 Order certified as final, Hall and Brazier contend that they should be held to the same status as the other defendants. Db. at 9. Certainly such contradictory statements cannot be taken as anything other than disingenuous. The legal issues arising from these circumstances rise to the level of extraordinary and should be resolved immediately on appeal.

Moreover, Hall and Brazier fail to address the clear fact that their participation in this case, without resolution on appeal, will cast a shadow over the entire proceeding. Instead, they argue that if such a conflict exists, it is irrelevant. Db. at 10. However, their role as counsel for a co-defendant and alleged co-conspirator *while an appeal against them personally lingers* creates a clear conflict of interest that could directly affect the progress of discovery and any attempts at settlement. The concern over Hall and Brazier's participation in this case is not "driven by an effort to force them out of this case as trial counsel." Db. at 10. ArchBrook has already successfully participated in an action where they served as adverse counsel. Rather, the concern

is based on the impact their self-interest may have on the discovery process and the testimony of their client. Thus, it is respectfully submitted that resolution of their status in this litigation through an immediate appeal is in the best interests of the Court and the parties. Accordingly, ArchBrook alternatively seeks certification of the Court's May 4, 2010 Order pursuant to Federal Rule of Civil Procedure 54(b).

## CONCLUSION

For the foregoing reasons, ArchBrook respectfully submits that its motion for reconsideration be granted and the claims against Defendants Hall and Brazier be dismissed without prejudice.

Respectfully submitted,

Dated: June 14, 2010

By: /s/ THOMAS P. SCRIVO
Thomas P. Scrivo
MCELROY, DEUTSCH, MULVANEY
   & CARPENTER LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079
Phone (973) 622-7711
Fax (973) 622-5314

Daniel F. McInnis (admitted pro hac vice)
Elizabeth Tobio (admitted pro hac vice)
Allison Walsh Sheedy (admitted pro hac vice)
AKIN, GUMP, STRAUSS, HAUER,
   & FELD LLP
1333 New Hampshire Ave, NW
Washington, D.C. 20036
Phone: (202) 887-4050
Fax: (202) 887-4288

Attorneys for Plaintiff, ArchBrook Laguna, LLC