IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MCELROY, DEUTSCH, MULVANEY & CARPENTER LLP
Three Gateway Center
100 Mulberry Street
Newark, N.J. 07102-4079
Phone:(973) 622-7711
Fax: (973) 622-5314

and

AKIN, GUMP, STRAUSS, HAUER, & FELD LLP
1333 New Hampshire Ave, NW
Washington, D.C.  20036
Phone: (202) 887-4359
Fax: (202) 887-4288
*(admitted pro hac vice)*
Attorneys for Plaintiff,
ArchBrook Laguna, LLC

| | |
|---|---|
| ARCHBROOK LAGUNA, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>NEW AGE ELECTRONICS, INC., ROBERT BRAZIER, ADAM CARROLL, STEVEN HALL, CHARLES MARSH, MARSHALL MIZELL, and LEE PERLMAN,<br><br>    Defendants. | Civil Action No. 08-1421 (KSH)<br><br><u>CIVIL ACTION</u><br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT CHARLES MARSH'S COUNTERCLAIM ON BEHALF OF PLAINTIFF ARCHBROOK LAGUNA, LLC** |

Plaintiff, ArchBrook Laguna, LLC ("Plaintiff" or "ArchBrook"), answers the Counterclaim of defendant, Charles Marsh ("Defendant" or "Marsh"), as follows:

1.  Plaintiff admits that the address contained in paragraph 1 is the last known address of Defendant Charles Marsh, but in answering the allegations of paragraph 1 thereof,

Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and leaves Defendant to his proofs.

2. The allegations of paragraph 2 thereof are admitted.

3. Plaintiff neither admits nor denies the allegations of paragraph 3 thereof as the document cited speaks for itself. Moreover, the legal status of ArchBrook in this regard is governed by the deal documents that created these entities.

4. The allegations of paragraph 4 thereof are admitted.

### FIRST DEFENSE TO PARAGRAPHS ENTITLED "BACKGROUND"

5. The allegations of paragraph 5 thereof are admitted.

6. Answering the allegations of paragraph 6 thereof, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and leaves Defendant to his proofs.

7. The allegations of paragraph 7 are admitted only insofar as Marsh was president of BDI Distributors. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth therein and leaves Defendant to his proofs.

8. Answering the allegations of paragraph 8 thereof, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and leaves Defendant to his proofs.

9.  The allegations of paragraph 9 thereof are admitted only insofar as a group of investors, including TTL, approached BDI Distributors seeking to invest in the company. The remaining allegations are denied.

10. The allegations of paragraph 10 thereof are admitted only insofar as BDI Distributors acquired Laguna, Inc. which was eventually partially owned by a group of investors. The remaining allegations are denied.

11. The allegations of paragraph 11 thereof are admitted.

12. The allegations of paragraph 12 thereof are admitted.

13. The allegations of paragraph 13 thereof are admitted.

14. The allegations of paragraph 14 thereof are admitted except that Marsh abandoned his employment and ceased his duties in September 2003, but was paid through December 2003.

15. Answering the allegations of paragraph 15 thereof, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and leaves Defendant to his proofs.

16. The allegations of paragraph 16 thereof are admitted only insofar as after the June 2000 Merger, Wertheimer became very ill. The remaining allegations are denied.

17. The allegations of paragraph 17 thereof are admitted only insofar as a certain group of investors purchased shares from Jay Wertheimer and appointed Peter Castenfelt as Chairman

of the Board of Directors. The remaining allegations are denied.

18. The allegations of paragraph 18 thereof are admitted.

19. The allegations of paragraph 19 thereof are denied, except Plaintiff admits that Marsh had no stock ownership in the BDI Entities.

20. The allegations of paragraph 20 thereof are admitted.

21. The allegations of paragraph 21 thereof are admitted only insofar as BDI received supplies from Hewlett Packard, Compaq, Toshiba, Panasonic and Canon, among other suppliers, at some point in its existence. The remaining allegations are denied.

22. The allegations of paragraph 22 thereof are denied.

23. Plaintiff is without knowledge or information sufficient to form a belief as to whether Exhibit "A" is a true and accurate copy of an HP report. Moreover, Plaintiff denies that the document accurately portrays BDIL's actions.

24. The allegations of paragraph 24 thereof are admitted only insofar as some of the Laguna owners once had formed a company called Beyond Technology, Inc. with Robert Pechon but otherwise the allegations of paragraph 24 thereof are denied.

25. The allegations of paragraph 25 thereof are admitted only insofar as in May of 2002, Compag merged with HP but otherwise the allegations of paragraph 25 thereof are denied.

26. Answering the allegations of paragraph 26 thereof, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and leaves Defendant to his proofs.

27. Answering the allegations of paragraph 27 thereof, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and leaves Defendant to his proofs.

28. Answering the allegations of paragraph 28 thereof, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and leaves Defendant to his proofs.

29. Answering the allegations of paragraph 29 thereof, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and leaves Defendant to his proofs.

30. Answering the allegations of paragraph 30 thereof, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and leaves Defendant to his proofs.

31. Answering the allegations of paragraph 31 thereof, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and leaves Defendant to his proofs.

32. Answering the allegations of paragraph 32 thereof, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and leaves Defendant to his proofs.

33. Plaintiff neither admits nor denies that paragraph 33 accurately quotes the document, as the document cited speaks for itself. Moreover, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the substance of the document cited and leaves Defendant to his proofs. Defendant's characterization of the writing is denied.

34. Plaintiff neither admits nor denies that paragraph 34 accurately quotes the document, as the document cited speaks for itself. Moreover, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the substance of the document cited and leaves Defendant to his proofs. Defendant's characterization of the writing and allegations are denied.

35. The allegations of paragraph 35 thereof are admitted only insofar as Plaintiff shipped products from its various suppliers, including HP, to the location directed by its suppliers' employees. The remaining allegations are denied.

36. Plaintiff neither admits nor denies that paragraph 36 accurately quotes the document, as the document cited speaks for itself. Moreover, Plaintiff is without knowledge or information

sufficient to form a belief as to truth of the substance of the document cited and leaves Defendant to his proofs. Defendant's characterization of the writing and allegations are denied.

37. Plaintiff neither admits nor denies that paragraph 37 accurately quotes the document, as the document cited speaks for itself. Moreover, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the substance of the document cited and leaves Defendant to his proofs. Defendant's characterization of the writing and allegations are denied.

38. Plaintiff neither admits nor denies that paragraph 38 accurately quotes the document, as the document cited speaks for itself. Moreover, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the substance of the document cited and leaves Defendant to his proofs. Defendant's characterization of the writing and allegations are denied.

39. The allegations of paragraph 39 thereof are denied.

40. Plaintiff does not admit that the document Defendant attaches as "Exhibit B" is a true and accurate copy as described in paragraph 40, or authentic, as the document was produced by Defendant Marsh in a different litigation and does not appear to be in its original format. Further, Plaintiff neither admits nor denies that paragraph 40 accurately quotes the document, as

7

the document cited speaks for itself.  Moreover, Plaintiff is without sufficient knowledge or information to form a belief as to the truth of the allegation that the "marketing funds" discussed in paragraph 40 belonged to Canon.  The remaining allegations are denied.

   41.  Plaintiff does not admit that the documents Defendant attaches as "Exhibit C" are true and accurate copies as described in paragraph 41, or authentic, as such documents were produced by Defendant Marsh in a different litigation, contain handwriting and marks of unknown origin, and are compiled in an order chosen by Defendant.  Defendant's characterization of the writing and allegations in paragraph 41 are denied.

   42.  Plaintiff does not admit that the documents Defendant attaches as "Exhibit D" are true and accurate copies as described in paragraph 42, or authentic, as such documents were produced by Defendant Marsh in a different litigation, contain handwriting and marginalia of unknown origin, and are compiled in an order chosen by Defendant.  Moreover, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegation that the cost of any products referenced herein were paid out of supplier marketing funds, and Plaintiff leaves Defendant to his proofs. The remainder of Defendant's allegations in paragraph 42 are denied.

43. Plaintiff does not admit that the documents Defendant attaches as "Exhibit E" are true and accurate copies as described in paragraph 43, or authentic, as such documents were produced by Defendant Marsh in a different litigation, contain handwriting and marks of unknown origin, and are compiled in an order chosen by Defendant. Defendant's characterization of the writing and allegations in paragraph 43 are denied.

44. The allegations of paragraph 44 thereof are admitted only insofar as from time to time BDI Laguna made shipments of HP products to businesses at the request of HP and sought reimbursement from HP for those products but denies that it claimed reimbursement from the "HP DGF."

45. Plaintiff is without knowledge or information sufficient to form a belief as to whether Exhibit "F" is a true and accurate copy of a KPMG report. Moreover, Plaintiff denies that the document accurately portrays BDIL's actions.

46. Plaintiff neither admits nor denies that paragraph 46 accurately quotes the document, as the document cited speaks for itself. Moreover, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the substance of the document cited and leaves Defendant to his proofs.

47. The allegations of paragraph 47 are denied.

48. The allegations of paragraph 48 are denied.

49. The allegations of paragraph 49 are denied.

9

50. Plaintiff does not admit that the document Defendant attaches as "Exhibit G" is a true and accurate copy as described in paragraph 50, or authentic, as such document was produced by Defendant Marsh in a different litigation, contains handwriting and marks of unknown origin, and is clearly marked "draft." Defendant's characterization of the writing and allegations in paragraph 50 are denied.

51. Plaintiff neither admits nor denies that paragraph 51 accurately quotes the document, as the document cited speaks for itself. Defendant's characterization of the writing and allegations in paragraph 51 are denied.

52. Plaintiff neither admits nor denies that paragraph 52 accurately quotes the document, as the transcript cited speaks for itself. Defendant's characterization of the testimony and allegations in paragraph 52 are denied.

53. Plaintiff neither admits nor denies that paragraph 453 accurately quotes the document, as the transcript cited speaks for itself. Defendant's characterization of the testimony and allegations in paragraph 53 are denied.

54. The allegations of paragraph 54 are admitted.

55. Defendant's characterization of the writing and allegations in paragraph 55 are denied.

56. Plaintiff neither admits nor denies that paragraph 56 accurately quotes the document, as the document cited speaks for itself.

57. The allegations of paragraph 57 are denied.

58. Plaintiff neither admits nor denies the allegations of paragraph 58 insomuch as the documents cited speak for themselves. Defendant's characterization of the writings is denied, and Plaintiff leaves Defendant to his proofs.

59. Plaintiff neither admits nor denies the allegations of paragraph 59 thereof as it calls for an improper legal conclusion. Plaintiff leaves Defendant to his proofs.

60. The allegations of paragraph 60 are denied.

61. The allegations of paragraph 61 are denied.

62. The allegations of paragraph 62 are denied.

63. Plaintiff neither admits nor denies the allegations of paragraph 63 thereof as it calls for an improper legal conclusion. Plaintiff leaves Defendant to his proofs.

64. The allegations of paragraph 64 are denied except that HP did initiate an investigation of BDI Laguna.

65. The allegations of paragraph 65 are admitted only insofar as Marino, Blank, Handy and Castenfelt, among others, participated in BDI Laguna's response to HP's investigation. The remaining allegations are denied.

66. The allegations of paragraph 66 are denied.

67. The allegations of paragraph 67 are admitted only insofar as BDI Laguna denied, and continues to deny, any improper action. The remaining allegations are denied.

68. Plaintiff neither admits nor denies that paragraph 68 accurately quotes the document, as the document cited speaks for itself. Moreover, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the substance of the document cited and leaves Defendant to his proofs. Defendant's characterization of the writing is denied.

69. The allegations of paragraph 69 are denied.

70. The allegations of paragraph 70 are admitted only insofar as Marsh abandoned his employment and ceased performing his duties in September 2003, and his employment agreement expired in December 2003. The remaining allegations are denied.

71. The allegations of paragraph 71 are denied.

72. The allegations of paragraph 72 are denied.

73. The allegations of paragraph 73 are denied.

74. The allegations of paragraph 74 are denied.

### FIRST DEFENSE TO FIRST COUNT

#### (Indemnification)

75. Answering the allegations of paragraph 75 thereof, Plaintiff repeats each and every one of the responses of this Answer to Defendant's Counterclaim with the same force and effect as if each were fully set forth at length herein.

76. The allegations of paragraph 76 are admitted only insofar as BDI Laguna and BDI Laguna Holdings were Georgia corporations from their inception until January 2008. The remaining allegations in paragraph 78 are denied.

77. The allegations of paragraph 77 are denied.

78. Plaintiff neither admits nor denies the allegations of paragraph 78 thereof as it calls for an improper legal conclusion. Plaintiff leaves Defendant to his proofs.

79. Plaintiff neither admits nor denies the allegations of paragraph 79 thereof as it calls for an improper legal conclusion. Plaintiff leaves Defendant to his proofs.

80. Plaintiff neither admits nor denies the allegations of paragraph 80 thereof as the document cited speaks for itself. Moreover, Plaintiff neither admits nor denies the allegations of paragraph 80 thereof as it calls for an improper legal conclusion. Plaintiff leaves Defendant to his proofs.

81. The allegations of paragraph 81 thereof are denied.

82. The allegations of paragraph 82 thereof are denied.

83. The allegations of paragraph 83 thereof are denied.

## FIRST DEFENSE TO SECOND COUNT

### (Advancement of Expenses)

84. Answering the allegations of paragraph 84 thereof, Plaintiff repeats each and every one of the responses of this

Answer to Defendant's Counterclaim with the same force and effect as if each were fully set forth at length herein.

85. Plaintiff neither admits nor denies the allegations of paragraph 85 thereof as it calls for an improper legal conclusion. Plaintiff leaves Defendant to his proofs.

86. Plaintiff neither admits nor denies the allegations of paragraph 86 thereof as it calls for an improper legal conclusion. Plaintiff leaves Defendant to his proofs.

87. Plaintiff neither admits nor denies the allegations of paragraph 87 thereof as it calls for speculation, privileged attorney-client communications, privileged attorney work product and litigation strategy. Plaintiff leaves Defendant to his proofs.

88. The allegations of paragraph 88 thereof are denied.

89. The allegations of paragraph 89 thereof are denied.

**WHEREFORE**, Plaintiff, ArchBrook Laguna, LLC, denies that Defendant, Charles Marsh, is to receive any relief sought in his Counterclaim and hereby demands judgment dismissing the Counterclaim with prejudice, in addition to attorneys' fees, litigation expenses, costs of suit and other such relief in favor of Plaintiff and against Defendant as the Court may deem just and proper.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

Defendant's claims are barred, in whole or in part, for failure to state a claim on which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

Defendant's claims are barred because his tortious and/or fraudulent conduct did not occur while he was employed by Plaintiff.

THIRD AFFIRMATIVE DEFENSE

Defendant's claims are barred because during all times relevant to the Amended Complaint, Defendant acted in bad faith and in a manner not reasonably believed to be in and opposed to the best interests of Plaintiff.

FOURTH AFFIRMATIVE DEFENSE

Defendant's claims are barred because the subject actions were not within the scope of Defendant's employment.

FIFTH AFFIRMATIVE DEFENSE

Defendant's claims must be dismissed, in whole or in part, because Defendant's claims do not satisfy the statutory requirements for indemnification under applicable law.

SIXTH AFFIRMATIVE DEFENSE

Defendant's claims are barred, in whole or in part, by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant's claims are barred, in whole or in part, by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

While denying all of the allegations of the Counterclaim regarding liability and damages allegedly sustained by Defendant, to the extent that Defendant may be able to prove any such damages, they were proximately caused by intervening and/or superseding acts and/or fault of the Defendant and/or third persons over whom Plaintiff had no control or right of control and for whose actions Plaintiff is not liable.

### NINTH AFFIRMATIVE DEFENSE

Defendant's claims must be dismissed, in whole or in part, because Defendant's claims do not satisfy the requirements for indemnification under the applicable corporate by-laws.

### TENTH AFFIRMATIVE DEFENSE

Defendant's claims must be dismissed, in whole or in part, because he intended to and/or did receive a personal benefit from the subject actions alleged in the Amended Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant's damages, if any, occurred as the direct and proximate result of Defendant's intentional or wrongful acts and/or violation of applicable laws, rules, codes, statutes and/or regulations.

TWELFTH AFFIRMATIVE DEFENSE

Defendant's claims must be dismissed, in whole or in part, because Defendant is estopped by his conduct from bringing this action.

THIRTEENTH AFFIRMATIVE DEFENSE

Defendant's claims are barred, in whole or in part, by the law of the case doctrine, entire controversy doctrine, *res judicata* and/or collateral estoppel.

FOURTEENTH AFFIRMATIVE DEFENSE

Defendant's claims are barred, in whole or in part, because his demand for indemnification and/or advancement of expenses is premature and/or unreasonable.

FIFTEENTH AFFIRMATIVE DEFENSE

Defendant's claims must be dismissed, in whole or in part, because they violate Federal Rule of Civil Procedure 11.

SIXTEENTH AFFIRMATIVE DEFENSE

Defendant's claims must be dismissed, in whole or in part, because Defendant lacks standing to seek indemnification from ArchBrook Laguna, LLC.

SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant's claims must be dismissed, in whole or in part, because this case arises out of a proceeding by or in the right of the corporation from whom Defendant seeks indemnification and/or advancement of expenses.

        Respectfully submitted,

Dated: June 28, 2010     /S/ THOMAS P. SCRIVO

1454563_2

Thomas P. Scrivo
Ronald J. Riccio
**MCELROY, DEUTSCH, MULVANEY & CARPENTER LLP**
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079
973-622-7711
973-622-5314 (fax)

Daniel F. McInnis *(admitted pro hac vice)*
Elizabeth Tobio *(admitted pro hac vice)*
Allison Walsh Sheedy *(admitted pro hac vice)*
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, NW
Washington, DC 20036
202-887-4000
202-887-4288 (fax)
*Attorneys for Plaintiff,*
*ArchBrook Laguna, LLC*