NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARCHBROOK LAGUNA LLC,<br><br>   *Plaintiff,*<br>v.<br><br>NEW AGE ELECTRONICS, INC.; ADAM CARROLL; MARSHALL MIZELL; LEE PERLMAN; CHARLES MARSH; STEVEN G. HALL; ROBERT G. BRAZIER,<br><br>   *Defendants.* | Civil Action No. 08-1421 (KSH)<br><br><u>OPINION</u> |

**<u>Katharine S. Hayden, U.S.D.J.</u>**

**I. Introduction**

  ArchBrook Laguna, LLC ("ArchBrook") moves for reconsideration of the portion of the Court's May 4, 2010, order [D.E. 318] dismissing with prejudice all claims against defendants Steven G. Hall ("Hall") and Robert G. Brazier ("Brazier") [D.E. 325]. In the alternative, ArchBrook moves for certification of the dismissal as a final judgment under Fed. R. Civ. P. 54(b), so that it may immediately appeal the Court's decision. (*Id.*) A full recitation of the facts of the case is unnecessary for the purposes of these motions.

  Briefly reviewing the procedural history of this case, ArchBrook filed the amended complaint that underlies the Court's May 4 order on April 29, 2009. [D.E. 185.] The amended complaint alleged that New Age Electronics, Inc. ("New Age")—ArchBrook's primary competitor in the electronics distribution industry—and certain of ArchBrook's former

1

employees and their attorneys formed a conspiracy to, in effect, destroy ArchBrook.  (Am. Compl. ¶ 1.)  The individual defendants relevant to the current motion are the attorneys, Hall and Brazier; they represent Charles Marsh ("Marsh"), who served as the President of ArchBrook's predecessor, BDI Laguna, Inc. ("BDI").  (Am. Compl. ¶¶ 56, 68.)  ArchBrook's amended complaint alleged that Hall and Brazier, in an effort to settle an employment lawsuit between Marsh and BDI, conspired to threaten and harm BDI.  (Am. Compl. ¶¶ 139–144.)  It also alleged that Hall and Brazier "encouraged, aided, and/or advised" Marsh to make false disparaging statements about BDI to others.  (Am. Compl. ¶ 159.)  On that basis, ArchBrook brought, *inter alia*, claims of civil conspiracy, commercial disparagement, computer fraud, and New Jersey RICO violations against Hall and Brazier.

    Each of the defendants moved to dismiss the amended complaint.  [D.E. 245, 245, 275, 276.]  Hall and Brazier moved for dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6); at the same time, they appealed an order of Magistrate Judge Michael A. Shipp barring them from asserting the litigation privilege in their motion to dismiss.  [D.E. 276, 277.]  The Court heard oral argument on the motions on April 8, 2010 and read an oral opinion into the record the following day.  The Court prematurely entered an order memorializing its oral opinion on April 16 [D.E. 307]—prior to receiving ArchBrook's written objections to the form of order—and then erroneously filed a corrective order on April 27 in the belief that ArchBrook's objections were unopposed.  [D.E. 311.]  After considering the objections of ArchBrook, New Age, Hall and Brazier, the Court filed the order that is the subject of this motion on May 4.  [D.E. 318.]  The order, in pertinent part, dismissed the claims against Hall and Brazier with prejudice; the Court declined to afford ArchBrook an opportunity to amend its complaint a second time, finding that to do so would "be futile, create undue delay, and prejudice other

defendants." (*Id.* (citing *Cal. Pub. Emp. Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 165–66 (3d Cir. 2004))). The Court rejected ArchBrook's contention that the dismissal should be without prejudice because ArchBrook "should not be forever foreclosed from bringing [its] claims" against Hall and Brazier. [D.E. 308.]

After the order was entered, ArchBrook timely filed a motion for reconsideration of that portion of the order that dismissed the claims against Hall and Brazier with prejudice. [D.E. 325.] ArchBrook also moved for certification of the order as a final judgment, in the event the Court rules against it on the reconsideration motion. (*Id.*)

## II. ArchBrook's Motion for Reconsideration

Archbrook's moves for reconsideration on the grounds that by dismissing the claims against Hall and Brazier with prejudice, the Court committed a clear error of law, foreclosing ArchBrook from ever bringing its claims against the attorneys even though it could present more plausible factual allegations against them if it can unearth additional evidence.

Reconsideration is a remedy to be used "very sparingly." *Interfaith Cmty. Org. v. Honeywell Intern., Inc.*, 215 F.Supp.2d 482, 507 (D.N.J. 2002). Local Civil Rule 7.1(i) requires that the party moving for reconsideration set forth "the matter or controlling decisions which the party believes the Judge . . . has overlooked." Accordingly, there are three grounds for relief on a motion for reconsideration: "(1) [A]n intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *Database Am., Inc. v. Bellsouth Adver. & Pub'g Corp.*, 825 F.Supp. 1216, 1220 (D.N.J. 1993) (alteration in original). A motion for reconsideration is not a platform for voicing mere disagreement with the court's initial decision. *Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), *aff'd*, 37 F.3d

3

1485 (3d Cir. 1994). That is what the appellate process is for. *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988).

ArchBrook challenges the Court's decision to dismiss the claims against Hall and Brazier with prejudice, arguing that it should have been provided an opportunity to amend its complaint. ArchBrook correctly points out that "[d]ismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility," *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004), and argues that in this case, amending the complaint will not be futile. But ArchBrook made that same argument when it objected to the form of the original order entered on the motions to dismiss. [D.E. 308.] After weighing ArchBrook's and Hall and Brazier's objections, the Court amended the order, deciding to dismiss the claims against Hall and Brazier with prejudice. [D.E. 318.] Indeed, the Court stated,

> "[a]s the Court noted in its oral opinion, plaintiff's claims of fraud against these lawyers, who have for several years represented defendant Marsh (whose motion to dismiss is denied), were made 'on information and belief' based on facts in and of themselves neutral, or information appearing in billing records, or statements made in the course of advocating for Marsh. As such, the Court finds that amendment would be futile, create undue delay, and prejudice other defendants. *See California Public Employees' Retirement System v. Chubb Corp.*, 394 F.3d 126, 165–66 (3d Cir. 2004)."

(*Id.*) ArchBrook does not contend that since the Court made that statement, there has been an intervening change in law, nor does it contend that evidence not previously available is now available. Rather, it argues that reconsideration is necessary to correct a clear error of law, but fails to cite to any authority that the Court has overlooked. Accordingly, Archbrook's motion for reconsideration cannot succeed.

As an additional note, ArchBrook's substantive arguments that Brazier and Hall are not immune from liability cannot be the basis of a motion to reconsider the dismissal with prejudice.

Archbrook extensively briefed [D.E. 279, 281] and argued (Tr. of Hr'g on Mot. to Dismiss *passim*) its belief that Brazier and Hall could be held liable for conspiring with their clients, and the Court extensively addressed and rejected this argument in its oral opinion (Oral Op. 12:1–32:8). Archbrook's disagreement is more appropriately directed to an appellate court. Before this Court, Archbrook identifies no new relevant law or evidence; thus, the Court denies its motion for reconsideration.

### III. ArchBrook's Motion to Certify the Dismissal as a Final Judgment

As an alternative to its motion for reconsideration, ArchBrook moves to have the Court certify its dismissal of the claims against Hall and Brazier for immediate appeal under Fed. R. Civ. P. 54(b) because "[c]ertification will clarify the status of Hall and Brazier[] as parties, minimize the chances of a re-trial, and promote judicial economy." (Moving Br. 13.)

Rule 54(b) provides that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." A court must make two findings in order to direct entry of a final judgment on a claim. First, it must determine that the judgment is final "in the sense that it is 'an ultimate disposition of an individual claim entered in the course of [a] multiple claims action.'" *Sussex Drug Prods. v. Kanasco, Ltd.*, 920 F.2d 1150, 1153 (3d Cir. 1990) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7, (1980)). Second, the court must determine that there is no just reason for delay. *Berckeley Inv. Grp. Ltd. v. Colkitt*, 455 F.3d 195, 202 (2006).

Both parties in this case agree that the dismissal of the claims against Hall and Brazier is a final judgment as to them. In considering whether there is no just reason to delay appeal, a court should consider the following factors:

5

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975), *overruled in part by Curtiss-Wright Corp.*, 446 U.S. 1. Each factor's bearing on a particular case depends on the facts of the case. *Id.*

In this case, the first and second factors bear heavily on the certification determination, and both weigh against certifying the May 4 order as final. The claims against Hall and Brazier are closely related to those against the remaining defendants. The factual allegations in the complaint repeatedly refer to actions Marsh took with the advice and aid of Hall and Brazier (Am. Compl. ¶¶ 6, 68, 70, 71, 79, 97, 159); indeed, Count Three (commercial disparagement) predicates Hall and Brazier's liability solely on their purported aid to Marsh. (Am. Compl. ¶ 159 (". . . Defendants Hall and Brazier encouraged, aided, and/or advised Marsh to make false, libelous, baseless, and disparaging statements about Plaintiff . . .").) The facts of the claims against Hall and Brazier and the remaining defendants are, therefore, closely intertwined. In addition, the claims against Hall and Brazier might be mooted by future developments before this Court. For example, ArchBrook's conspiracy claim "depends on the existence of an underlying tort," *In re Lead Paint Litig.*, 2005 WL 1994172, at *20 (N.J. Super. Ct. App. Div. Aug. 17, 2005), so if it is determined that there was no underlying tort, there can be no conspiracy claims against any of the defendants. Certifying the conspiracy claims against Hall and Brazier before that determination is made could very well result in a waste of appellate

resources.  The same applies to ArchBrook's commercial disparagement claims.  The remaining defendants have raised the affirmative defense of truth to these claims, and if they succeed, the claims against Hall and Brazier will likely be mooted.  For these very practical reasons, the Court denies ArchBrook's motion to certify the dismissal of its claims against Hall and Brazier as a final judgment.

### IV. Conclusion

For the foregoing reasons, Archbrook's motion for reconsideration of the May 4 order and, in the alternative, to certify the order as final, are **denied**.

/s/ Katharine S. Hayden

December 21, 2010                                    Katharine S. Hayden, U.S.D.J.